UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DWAYNE WHITE,
                Plaintiff,

v.

WESTCHESTER COUNTY; WARDEN
MOCCIO, in his individual and official
capacities; JOSEPH K. SPANO, Westchester
County Department of Corrections
Commissioner, in his individual and official
capacities; JOSEPH HALL, Resolve to Stop
the Violence Program Supervisor, in his
individual and official capacities; and
PAMELA SPENCER, Solutions Program
Supervisor, in her individual and official
capacities,
                Defendants.
------------------------------------------------------------x

**ORDER OF DISMISSAL**

18 CV 12048 (VB)

    Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint dated December 16, 2018. (Doc. # 2). At that time, plaintiff was incarcerated at Westchester County Jail. (See id. at 1).

    As the Court stated in its Order of Service dated January 25, 2019, it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (Doc. #6).

    The January 25 Order of Service was mailed to plaintiff, along with an "Instructions for Litigants Who Do Not Have Attorneys" pamphlet and a blank "Notice of Change of Address" form. (Doc. #7). Like the January 25 Order of Service, the Instructions pamphlet also states it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (See id. at ECF 2).

    On April 8, 2019, plaintiff submitted a Notice of Change of Address, stating his updated address at Downstate Correctional Facility in Fishkill, New York. (Doc. #17).

1

On April 18, 2019, plaintiff submitted a second Notice of Change of Address, stating his updated address at Franklin Correctional Facility in Malone, New York. (Doc. #18).

On November 12, 2019, the Court received notice that its October 25, 2019, Order deeming unopposed defendants Warden Moccio, Joseph Spano, and Westchester County's motion to dismiss (Doc. #40), which was mailed to plaintiff, was returned as undeliverable because plaintiff was released from custody. Information provided on DOCCS's website states plaintiff was released from DOCCS's custody on August 13, 2019.

Thus, by Order dated November 14, 2019, the Court ordered plaintiff to update the Court in writing by December 16, 2019, as to his current address. (Doc. #41). The November 14 Order warned plaintiff, in bold and underlined font, that if he failed to update his address by December 16, 2019, the Court may dismiss the case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with court orders. (Id.). The November 14 Order was mailed to plaintiff on November 15, 2019.

On December 4, 2019, the November 14 Order was returned as undeliverable with the following notation: "Undeliverable as Addressed/Released."

Plaintiff failed to update his address by December 16 or seek an extension of time in which to do so.

Accordingly, by Order dated December 23, 2019, the Court sua sponte extended to January 21, 2020, plaintiff's time to update his address in writing. (Doc. #42). The December 23 Order warned plaintiff, in bold and underlined font, that if he failed to update his address by January 21, 2020, the Court will dismiss the case pursuant to Fed. R. Civ. P. 41(b) for failure to

prosecute or comply with court orders. (Id.). The December 23 Order was mailed to plaintiff on December 26, 2019.

On January 8, 2020, the December 23 Order was returned as undeliverable with the following notation: "Return to Sender, Not Deliverable as Addressed, Unable to Forward, Forward Order Expired."

To date, plaintiff has failed to update his address in writing. Indeed, he last communicated with the Court by letter dated July 2, 2019. (See Doc. #37). Accordingly, the Court concludes plaintiff has abandoned this case. Having considered all of the factors set forth in Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), the Court dismisses this case with prejudice for failure to prosecute or comply with Court orders. Fed. R. Civ. P. 41(b).

The Clerk is directed to terminate as moot defendants' pending motions to dismiss. (Docs. ##19, 29) and motion for default judgment (Doc. #43).

The Clerk is further directed to close this case and mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: January 27, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

3